Justice White,
with whom Justice Blackmun joins,
dissenting.
This lawsuit stems from a denial of accident insurance benefits by the administrator of an Employee Retirement Income Security Act of 1974 (ERISA) plan. See 88 Stat. 891, 29 U. S. C. § 1132 (a)(1)(B). In Firestone Tire & Rubber Co. v. Bruch, 489 U. S. 101, *974 115 (1989), we reasoned that “the validity of a claim to benefits under an ERISA plan is likely to turn on the interpretation of terms in the plan” and therefore held that decisions of a plan administrator concerning eligibility for benefits ordinarily should be subject to de novo review.
Since our decision in Bruch, a disagreement has developed in the Courts of Appeals concerning the standard of review to be applied when a benefits decision turns on the facts of the case, rather than the interpretation of the terms in the ERISA plan. The Third and Fourth Circuits have held that a decision of a plan administrator should be reviewed de novo. Luby v. Teamsters Health, Welfare, and Pension Trust Funds, 944 F. 2d 1176 (CA3 1991); Reinking v. Philadelphia American Life Ins. Co., 910 F. 2d 1210 (CA4 1990). See also Petrilli v. Drechsel, 910 F. 2d 1441 (CA7 1990) (dicta). However, in the present case, the Fifth Circuit ruled that an abuse of discretion standard should be applied. 932 F. 2d 1552 (1991).
I would grant certiorari to resolve the conflict in the Courts of Appeals on this important issue.